KATHERINE C. WILSON *vs.* PUFFER MANUFACTURING
COMPANY.

Essex.    November 4, 1908. — November 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Appeal, Master's report.

Where on an appeal by the plaintiff in a suit in equity from a decree dismissing the
bill, the record showed that the plaintiff filed exceptions to a master's report
but did not show that his exceptions were overruled, the defendant stated in
his brief before this court that the plaintiff's exceptions to the report were
overruled, the case was argued by both parties upon that assumption, and
the court considered the case upon that basis.

Where a master's report states findings made by him which are sufficient to dis-
pose of the case and does not report the evidence on which his findings were
made, it must be assumed that the evidence warranted the findings.

BILL IN EQUITY, filed in the Superior Court on October 10,
1907, by the proprietor of a small store in Lawrence engaged in
selling candies, soda water and small wares, against a corpora-
tion engaged in manufacturing soda water apparatus, to enjoin
the defendant from removing a soda water fountain and its ap-
purtenances from the plaintiff's store on the alleged pretense
that they were forfeited under the terms of a contract of condi-
tional sale, whereas the plaintiff alleged that, owing to the fact
that a carbonator furnished by the defendant was worthless and
useless and that the defendant had made false and fraudulent
representations in regard to the fitness of the carbonator on
which the plaintiff had relied to her loss, the plaintiff owed
nothing to the defendant, having returned the carbonator and
having more than paid for the other parts of the apparatus.

In the Superior Court the case was referred to Colver J.
Stone, Esquire, as master. He made a report in which he
found for the defendant and recommended that the plaintiff's
bill be dismissed. The plaintiff filed eleven objections to the
master's report and later filed eleven exceptions founded on the
objections.

The case was heard by *Stevens,* J., who made a final decree
that the plaintiff's bill be dismissed. The plaintiff appealed.

It did not appear by the report of the appeal before this court

that the judge made any order in regard to the plaintiff's exceptions. In the brief for the defendant before this court there was the following statement, which is referred to in the opinion: "no evidence was offered except the master's report. The plaintiff's exceptions were all overruled and the court ordered that the plaintiff's bill be dismissed."

*J. C. Sanborn*, for the plaintiff.

*J. A. O'Mahoney*, for the defendant, was not called upon.

HAMMOND, J. The record before us does not show that the plaintiff's exceptions to the master's report ever were overruled, or that the plaintiff's appeal was from anything except the final decree. Inasmuch, however, as it is stated in the brief of the defendant that the exceptions to the report were overruled, and as the case has been argued by both parties upon the assumption that such is the fact and that the questions arising thereon are saved to the plaintiff, we have considered the case upon that basis.

Although the master at first excluded certain evidence offered by the plaintiff, he finally admitted it in order to avoid a recommittal of the cause if in the opinion of the court his rulings excluding it should be regarded as erroneous. Upon all the evidence he has found in substance that the carbonator " when delivered and set up in the plaintiff's store corresponded in all respects with the defendant's representations to the plaintiff "; that the plaintiff " failed to show any defect in the carbonator to which the bad quality of the soda was traceable "; that " the defendant made no false and fraudulent representations or misrepresentations to the plaintiff "; and that " there was no breach of warranty." Having made these findings of fact, he found generally for the defendant.

The evidence before the master has not been reported to the court, and it must be assumed that it warrants the findings. Under these circumstances it becomes unnecessary to consider in detail the exceptions to the report. The findings dispose of the case, and we have no occasion to consider the other grounds of defense. Nor do we see any ground for recommittal of the case.

*Decree affirmed.*